**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| YEVGENY NAGORSKIY, | : | **Hon. Peter G. Sheridan** |
| Petitioner, | : | |
| | : | Civil No. 10-2406 (PGS) |
| v. | : | |
| SCOTT A. WEBER, etc., et al., | : | **OPINION** |
| Respondents. | : | |

**APPEARANCES**:

    YEVGENY NAGORSKIY, A:073 582 030
    Monmouth County Correctional Institution
    One Waterworks Road
    Freehold, New Jersey 07728
    Petitioner Pro Se

**SHERIDAN**, District Judge

    Yevgeny Nagorskiy, a native of Russia, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his detention in the custody of Immigration and Customs Enforcement ("ICE") of the Department of Homeland Security ("DHS"). Petitioner challenges his detention as not statutorily authorized and in violation of due process guaranteed by the Fifth Amendment, and he seeks an order directing respondents to release him from custody. Because Petitioner has not alleged facts showing that his removal to Russia is not reasonably foreseeable, his detention is statutorily authorized. This Court will summarily dismiss the Petition, without prejudice to the filing of a new petition in the event that Petitioner's removal is not reasonably foreseeable.

## I. BACKGROUND

Petitioner challenges his detention by ICE/DHS at the Monmouth County Correctional Institution. Petitioner is a citizen of Russia. He entered the United States on February 10, 1996. On June 21, 1999, an Immigration Judge ordered Petitioner's removal. Petitioner asserts that "Immigration Judge Maria Lopez-Enriquez refuses to reopen petitioner's [removal] case. (Docket Entry #1 at p. 3 ¶ 14.) DHS officials took Petitioner into custody on October 6, 2009. As to the foreseeability of Petitioner's removal, he asserts the following:

> 17. Petitioner was taken into custody by ICE on October 6th, 2009 and has been in the custody of ICE for more than six months since his removal order bec[a]me final.
>
> 18. To date, however, ICE has been unable to remove petitioner to Russia or any other country. Petitioner is not a dangerous person or a threat to the community.

(Docket Entry #1 at p. 3.)

Petitioner seeks an order declaring that his continued indefinite detention is not authorized by law and violates due process, and ordering respondents to release him under supervision. (Docket entry #1 at p. , pp. 5-6.)

## II. DISCUSSION

A. Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody," and (2) the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Maleng v.

Cook, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 8.1 (4th ed. 2001). This Court has subject matter jurisdiction over the Petition under § 2241 because Petitioner was detained within its jurisdiction in the custody of the DHS at the time he filed his Petition, see Spencer v. Kemna, 523 U.S. 1, 7 (1998), and he asserts that his detention is not statutorily authorized and violates his constitutional rights. See Bonhometre v. Gonzales, 414 F.3d 442, 445-46 (3d Cir.2005).

B. Standard of Review

Habeas Rule 4 requires a district court to examine a habeas petition prior to ordering an answer and to dismiss the petition if the petitioner is not entitled to relief. See 28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b). Habeas Rule 4 provides in relevant part:

> The clerk must promptly forward the petition to a judge . . . and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b).

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland v. Scott, 512 U.S. 849, 856 (1994); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). Dismissal without the filing of an answer or the State court record is warranted "if it appears on the face of the petition that petitioner is not entitled to relief." Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); see also McFarland v. Scott, 512 U.S. 849, 856 (1994); United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

C. Legality of Detention

The Immigration and Nationality Act ("INA") authorizes the Attorney General of the United States to issue a warrant for the arrest and detention of an alien pending a decision on whether the alien is to be removed from the United States. See 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States . . ."). "Detention during removal proceedings is a constitutionally permissible part of that process." Demore v. Kim, 538 U.S. 510, 531 (2003).

Once an alien is ordered removed, the Attorney General is required to remove him or her from the United States within a 90-day "removal period." See 8 U.S.C. § 1231(a)(1)(A) ("Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period').") 8 U.S.C. § 1231(a)(1)(A). This 90-day removal period begins

> on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

Section § 1231(a)(2) requires the Attorney General to detain aliens during this 90-day removal period. See 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien").

However, if the DHS does not remove the alien during this 90-day removal period, then § 1231(a)(6) authorizes the Attorney General to thereafter release or continue to detain the alien. Specifically, § 1231(a)(6) provides:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

In Zadvydas v. Davis, 533 U.S. 678 (2001), the Supreme Court held that § 1231(a)(6) does not authorize the Attorney General to detain aliens indefinitely beyond the removal period, but "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." Zadvydas, 533 U.S. at 689. However, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." Id. at 699. To guide habeas courts, the Supreme Court recognized six months as a "presumptively reasonable period" of post-removal-period detention. Id. at 701. "After this 6-month period, once the alien provides good reason to believe that there is no significant

5

likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id.[1]

In this case, Petitioner's six-month presumptively reasonable period of detention under § 1231(a)(6), as interpreted by Zadvydas, began to run on October 6, 2009 (when he was taken into custody), and continued through April 6, 2010. Petitioner executed the § 2241 Petition on April 28, 2010, 22 days after the six-month presumptively reasonable period of detention expired. Petitioner's detention continues to be authorized by 8 U.S.C. § 1231(a)(6), however, because nothing alleged in his Petition "provides good reason to believe that there is no significant likelihood of removal [to Russia] in the reasonably foreseeable future," as required by Zadvydas, 533 U.S. at 701, to make the government "respond with evidence sufficient to rebut that showing." Id.[2]

---

[1] In 2005, the Supreme Court ruled in Clark v. Martinez, 543 U.S. 371 (2005), that the post-removal-period detention of two inadmissible aliens from Cuba who had not effected "entry" was no longer statutorily authorized by § 1231(a)(6) because removal to Cuba was not reasonably foreseeable. See Clark v. Martinez, 543 U.S. at 384.

[2] To state a claim of unauthorized detention under Zadvydas, a petitioner must provide "good reason to believe that there is no likelihood of removal in the reasonably foreseeable future." Zadvydas, 533 U.S. at 701.  See Joseph v. United States, 127 Fed. App'x 79, 81 (3d Cir. 2005) (affirming dismissal of § 2241 petition challenging detention pursuant to § 1231(a)(6): "Under Zadvydas, a petitioner must provide 'good reason' to believe there is no likelihood of removal, 533 U.S. at 701, and Alva has failed to make that showing here"); Soberanes v. Comfort, 388 F. 3d 1305 (10th Cir. 2004) (affirming dismissal of § 2241 petition challenging detention pursuant to § 1231(a)(6) where petitioner failed to provide good reason to believe that there is no likelihood of removal); Akinwale v. Ashcroft, 287 F. 3d 1050, 1052 (11th Cir. 2002) ("in order to state a claim under Zadvydas the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future"); Pierre v. Weber, 2010 WL 1492604 (D.N.J. April 14, 2010) (summarily dismissing § 2241 petition as premature under Zadvydas and § 1231(a)(6) where petitioner filed petition during presumptively reasonable six-month period after removal became final and failed to assert facts showing his
(continued...)

Because Petitioner has not made the required showing under Zadvydas, his detention is authorized by § 1231(a)(6) and this Court will dismiss the Petition for failure to assert that Petitioner is detained contrary to the laws, the Constitution or treaties of the United States. However, the dismissal is without prejudice to the filing of a new § 2241 petition in the event that there is good reason to believe that there is no significant likelihood of Petitioner's removal in the reasonably foreseeable future. See Akinwale, 287 F. 3d at 1052 ("Because circumstances may ultimately change in [petitioner's] situation, we affirm the dismissal [of his habeas petition] without prejudice to [his] ability to file a new § 2241 petition in the future").

### III. CONCLUSION

The Court will dismiss the Petition without prejudice to the filing of another petition in the event that there is no significant likelihood of removal in the reasonably foreseeable future.

*/s/ Peter G. Sheridan*
**PETER G. SHERIDAN, U.S.D.J.**

DATED: _May 18_, 2010

---

[2](...continued)
removal is not reasonably foreseeable).